990 F.2d 1377
 301 U.S.App.D.C. 107
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Felando F. BUTLER, Appellant.
 No. 92-3031.
 United States Court of Appeals, District of Columbia Circuit.
 March 19, 1993.
 
 Before MIKVA, Chief Judge, and WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed October 21, 1991, be affirmed. The district court did not abuse its discretion in ruling on appellant's motion to vacate and set aside his conviction without a hearing because appellant failed to explain why he did not raise his challenges to the conviction on direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982) (a defendant must demonstrate "cause" for failing to raise an issue on direct appeal and "prejudice" resulting from the alleged error). Failing to raise issues on appeal through mere neglect will not preserve those issues for collateral attack. See id. at 167. Moreover, because appellant failed to establish cause for not raising his challenges on direct appeal, the district court was required to grant appellant's motion to vacate his sentence only if appellant could demonstrate that failure to do so would result in a fundamental miscarriage of justice. See, e.g., United States v. Pollard, 959 F.2d 1011, 1020 (D.C.Cir.1992). While arguably his failure to raise his ineffective assistance of counsel claim may be excusable, because none of the alleged errors urged by appellant suggests that his conviction was unsupported, he has failed to "clear the formidable barriers to [section 2255] relief." Id at 1032.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.